Ex parte MARGARET SADLER.

No. A-7489.    Opinion Filed June 14, 1930.
(289 Pac. 356.)

Mathers & Mathers, for petitioner.

George M. Callihan, Co. Atty., for respondent.

DAVENPORT, J.   This is an original proceeding in habeas corpus brought by the petitioner, Margaret Sadler. In her petition she alleges that she was convicted in the district court of Oklahoma county, wherein she was charged with unlawfully, feloniously, wrongfully, and knowingly obtaining from J. H. Chaney one radio set, of the value of $60; the petitioner was sentenced upon said conviction to pay a fine of $50 and to serve 30 days in jail; that on the 26th day of April, 1929, the court clerk issued a release for said petitioner upon the filing of a stay bond by her for the fine and costs; that on the 27th day of July, A. D. 1929, petitioner was placed back in said county jail without authority and without commitment papers, and that said petitioner is now so confined; that the said petitioner served a full jail sentence of 30 days, and 24 days on said fine and costs, and 30 days in jail in addition thereto, making in all about 84 days said petitioner has been so confined in jail.

Petitioner alleges that her restraint is illegal and unauthorized, in that there is no judgment and sentence reciting that, if petitioner failed to pay the fine and costs, she should be imprisoned for said fine and costs not exceeding $1 or $2 or any other amount, for each day thereof; that, after said alleged stay bond was approved, said petitioner was released in law, and the only course the state has is to look to the stay bond, as they have no legal authority to recommit said petitioner therefor; that said petitioner was not recommitted to jail under any legal process or authority; that there is no right or authority

for said district court to accept or approve a stay bond for fine and costs in this case.

The petitioner in this case shows that she was convicted upon a felony charge and committed to jail until she had served a sentence and the fine and costs had been paid.

Section 2997, C. O. S. 1921, is as follows:

"Upon conviction, or plea of guilty of misdemeanor, the defendant may stay the collection of the fine by giving good and sufficient bond, with two or more sureties to be approved by the court, conditioned that the defendant will pay the fine and costs within thirty days from the date of the judgment; Provided, that if the defendant is sentenced to pay a fine and be imprisoned, the bond shall be conditioned to pay the fine and costs within thirty days after the end of the term of imprisonment. The court shall require the sureties on the stay bond to justify as in other cases."

The foregoing section of the statute is the only provision we find authorizing the giving of a stay bond for the fine and costs, and it only applies to convictions in misdemeanor cases and not felony. We agree with the contention of the petitioner that there is no statute authorizing the district court to accept a stay bond in felony cases. The conviction in this case was on an information charging a felony, and the action of the clerk in accepting a stay bond for the fine and costs and releasing the petitioner was without authority of law.

The writ is denied.

EDWARDS, P. J., and CHAPPELL, J., concur.